| | | |
|---|---|---|
| AOC-E-105 Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | 11/21/2019 09:10:28 AM<br>Case #: **19-CI-90161**<br>65730-25<br>Court: **CIRCUIT**<br>County: **BATH** |

*Plantiff,* **SHORT, JOY, ET AL VS. MARVIN KELLER TRUCKING, INC, ET AL**, *Defendant*

TO: **GREGORY M. FUNFSINN**
     **771 CORPORATE DR., SUITE 900**
     **LEXINGTON, KY 40503**

Memo: Related party is MARVIN KELLER TRUCKING, INC

The Commonwealth of Kentucky to Defendant:
**MARVIN KELLER TRUCKING, INC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Claudette Saudere*
Bath Circuit Clerk
Date: **11/18/2019**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20 _____              _____
                                                                                    Served By

                                                                                    _____
                                                                                    Title

---




| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>CIVIL SUMMONS | Case #: **19-CI-90161**<br>Court:    **CIRCUIT**<br>County: **BATH** |

*Plantiff,* **SHORT, JOY, ET AL VS. MARVIN KELLER TRUCKING, INC, ET AL**, *Defendant*

TO:   **JOHN S. WALLS**
   **3061 W 2100 AVE**
   **BEECHER CITY, IL 62414**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Claudette Sanders*
Bath Circuit Clerk
Date: **11/18/2019**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20____

Served By _____

Title _____

Summons ID: @00000026873
CIRCUIT: 19-CI-90161 Long Arm Statute – SOS - Restricted Delivery
SHORT, JOY, ET AL VS. MARVIN KELLER TRUCKING, INC, ET AL

eFiled



Filed                                                                                                              NOT ORIGINAL DOCUMENT
                                                                                                                   11/21/2019 09:11:09 AM
                                                                                                                   65730-25

COMMONWEALTH OF KENTUCKY
BATH CIRCUIT COURT
CASE NO._____

JOY SHORT, INDIVIDUALLY                                                                                    PLAINTIFFS

-and-

JOY SHORT AS ADMINISTRATIX
OF THE ESTATE OF CHRISTOPHER
SHORT

-and-

█████████████████████, a minor,
and by and through his mother and next
friend, JOY SHORT

-and-

█████████████████████, a
minor, and by and through his mother
and next friend, JOY SHORT

V.                                          **COMPLAINT**

MARVIN KELLER TRUCKING, INC.                                                                               DEFENDANTS
1500 WEST POINTE WAY
SULLIVAN, IL 61951

      Registered Agent: Process Agent Service Company, Inc.
                           Attn: Gregory M. Funfsinn
                           771 Corporate Dr., Suite 900
                           Lexington, KY 40503

-and-

JOHN S. WALLS
3061 E 2100 AVE.
BEECHER CITY, IL 62414

      Serve: The Office of the Secretary of State
              Summons Branch
              700 Capital Avenue, Suite 86

Frankfort, KY 40601

\* \* \* \* \*

Comes the Plaintiffs, Joy Short; Joy Short as Administratrix of the Estate of Christopher Short; Joy Short as parent and next friend of ███████, a minor; and Joy Short as parent and next friend of ███████████████, a minor, by counsel, and for their Complaint states as follows:

1. The Plaintiff, Joy Short, was at all relevant times was a resident of Montgomery County, Kentucky.

2. The Plaintiff, Joy Short, is the duly appointed administratrix of the estate of Christopher Short by Order of the Montgomery District Court entered March 28, 2019.

3. The Plaintiff, Joy Short, is parent and guardian for ███████ a minor and resident of Montgomery County, Kentucky.

4. The Plaintiff, Joy Short, is parent and guardian for ███████████, a minor and resident of Montgomery County, Kentucky.

5. At all times relevant hereto, Defendant, Marvin Keller Trucking, Inc. (hereinafter "Marvin Keller Trucking") was and remains an motor carrier registered with the Federal Motor Carrier Safety Administration authorized to transport property in interstate commerce under USDOT No. 00215522 and is a foreign corporation organized and existing under the laws of Illinois with its principal place of business in Sullivan, Moultrie County, Illinois, thereby making it a citizen of Illinois. Marvin Keller Trucking has designated Process Agent Service Company, Inc., Gregory M. Funfsinn, 771 Corporate Drive, Suite 900 Lexington, KY 40503 as its designated agent for service of process according to its Form BOC-3 filed with the Federal Motor Carrier Safety Administration pursuant to 49 CFR 366.

6.    At all times relevant hereto, Defendant, John S. Walls, (hereinafter "Walls") was a citizen of Beecher City, Effingham County, Illinois. Defendant Walls has statutorily designated the Kentucky Secretary of State as his agent for service of process pursuant to KRS 454.210.

7.    At all relevant times, Walls was the employee, agent, servant, and/or statutory employee for Marvin Keller Trucking operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Marvin Keller Trucking. Accordingly, Marvin Keller is vicariously liable for the acts of Walls.

8.    Jurisdiction and venue are proper as the events giving rise to this cause of action occurred in Bath County, Kentucky.

9.    The amount in controversy exceeds the minimum jurisdiction of the Bath Circuit Court.

10.    On or about March 13, 2019, Walls was operating a 2014 Freightliner tractor with a trailer attached eastbound on Interstate 64 in Bath county, Kentucky. Upon information and belief, the tractor and trailer were owned by and/or being operated on behalf of Marvin Keller Trucking.

11.    Wall did not maintain control of his tractor trailer and allowed it to exit the left shoulder of the roadway and cross the median, whereby it crossed into the path of traffic westbound on Interstate 64. The tractor trailer struck the vehicle driven by Christopher Short, causing Christopher Short to leave the roadway and strike a tree.

12.    Christopher Short survived the initial impact of the Freightliner and remained conscious and in pain until he was killed by the subsequent trauma of the additional impacts.

13.    Wall's negligent operation of a commercial vehicle directly and proximately caused the death of Christopher Short.

Filed 11/21/2019 09:11:09 AM 65730-25

14. Marvin Keller Trucking is vicariously liable for Wall's negligence, carelessness, and reckless manner of operation of the commercial vehicle and the resulting death of Christopher Short from the wreck.

15. Wall violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.390, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Christopher Short and constitutes negligence per se pursuant to KRS 446.070 and Kentucky case law, for which Marvin Keller Trucking is vicariously liable.

16. Marvin Keller Trucking had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Wall, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were acting reasonably safe towards other motorists.

17. Marvin Keller Trucking had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

18. Marvin Keller Trucking was negligent, careless and reckless with regard to the duties set forth in Paragraphs, 16-17, above, causing the death of Christopher Short, for which it is directly liable.

19. Marvin Keller Trucking violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Christopher Short, and constitutes negligence per se pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

20. The negligence of the Defendants is a direct and proximate result of all damages described herein and Joy Short as Administratrix of the Estate of Christopher Short is entitled to

Filed 19-CI-90161 11/18/2019 Claudette Faudere, Bath Circuit Clerk

recover all damages allowable under Kentucky's Wrongful Death statute and Kentucky case law regarding wrongful death and all damages under Kentucky law for damages incurred prior to death and any and all other compensation allowable under Kentucky law.

21. As a direct and proximate result of the negligence and/or negligence per se of the Defendants Marvin Keller Trucking and Wall, Christopher Short's surviving spouse, Joy Short has suffered the loss of support, love, affection, and companionship of her husband Christopher Short.

22. As a direct and proximate result of the negligence and/or negligence per se of the Defendants Marvin Keller Trucking and Wall, Christopher Short's surviving minor son ▮▮▮ has suffered the loss of support, love, affection, and companionship of his father, Christopher Short.

23. As a direct and proximate result of the negligence and/or negligence per se of the Defendants Marvin Keller Trucking and Wall, Christopher Short's surviving minor son ▮▮▮ has suffered the loss of support, love, affection, and companionship of his father,

24. That the threshold requirements of KRS 304 Chapter 39 have been met.

**WHEREFORE,** Plaintiffs, Joy Short, Individually and as Administratrix over the Estate of Christopher Short; ▮▮▮, a minor, and ▮▮▮ a minor, hereby demand as follows:

1. Judgment against Defendants, Marvin Keller Trucking, Inc. and John S. Walls for a fair and reasonable amount in compensatory damages including the following:

    a. All individual Plaintiffs' loss of consortium of the deceased husband and father Christopher Short;
    b. Pain and suffering;
    c. Loss wages
    d. Diminished capacity to labor and earn income;

2. Trial by Jury;
3. Post-judgment interest;
4. Court costs;
5. For summons to issue as directed in the caption by certified mail; and
6. Any and all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

/s/ Jon Heck
Jon Heck
David M. Scott
Isaacs & Isaacs, P.S.C.
1601 Business Center Court
Louisville, KY 40299
Tele:   (502) 458-1000
Fax:    (502) 454-5512
jon.heck@isaacsandisaacs.com
david.scott@isaacsandisaacs.com
*Counsel for Plaintiffs*

6

COMMONWEALTH OF KENTUCKY
BATH CIRCUIT COURT
CASE NO._____

JOY SHORT, INDIVIDUALLY                                                    PLAINTIFFS

-and-

JOY SHORT AS ADMINISTRATIX
OF THE ESTATE OF CHRISTOPHER
SHORT

-and-

███████████████ a minor,
and by and through his mother and next
friend, JOY SHORT

-and-

███████████████████████ a
minor, and by and through his mother
and next friend, JOY SHORT

                                          **PLAINTIFF'S FIRST REQUEST**
                                          **FOR PRODUCTION OF**
V.                                        **DOCUMENTS TO MARVIN KELLER**
                                          **TRUCKING, INC.**

MARVIN KELLER TRUCKING, INC.                                                DEFENDANTS
1500 WEST POINTE WAY
SULLIVAN, IL 61951

        Registered Agent:  Process Agent Service Company, Inc.
                           Attn: Gregory M. Funfsinn
                           771 Corporate Dr., Suite 900
                           Lexington, KY 40503

-and-

JOHN S. WALLS
3061 E 2100 AVE.
BEECHER CITY, IL 62414

Serve: The Office of the Secretary of State
Summons Branch
700 Capital Avenue, Suite 86
Frankfort, KY 40601

\* \* \* \* \*

Pursuant to CR 34, Plaintiffs requests that, within 45 days, Defendant Marvin Keller Trucking, Inc. (hereinafter "Marvin Keller Trucking"), is to produce to Plaintiff for inspection or copy the following designated items:

1. All insurance declaration pages and insurance policies, including all addendums, endorsements, exclusions and riders, available for the losses sustained in this case (including self-insured retention, liability, excess, umbrella, excess umbrella or any other form of secondary coverage) and all reservation of rights letters sent by any insurer. This request concerns the time period concerning the subject wreck of March 13, 20019.

   RESPONSE:

2. The complete employment file for John S. Walls.

   RESPONSE:

3. All documentation showing John S. Wall's work activity during the thirty (30) days prior the subject wreck of March 13, 2019, including the hours he was on the clock, his driving hours, all stops, and routes driven.

   RESPONSE:

4. All documentation showing any efforts of Marvin Keller Trucking and and/or any entity to audit John S. Walls's log books or monitor his driving hours for March 13, 2019 and the six (6) months prior.

2

RESPONSE:

5. Any accident file, accident investigation, accident review board and/or preventability determination/analysis performed by or on behalf of Marvin Keller Trucking relating to the subject wreck.

RESPONSE:

6. Any downloaded or electronically stored data from the tractor driven by John S. Walls and involved in the subject wreck:

RESPONSE:

7. John S. Walls's daily driver logs for March 13, 2019, and for the six (6) months preceding, and all log audits relating to John S. Walls for any period which he worked for Marvin Keller Trucking. This includes, E-Logs, ELD (Electronic Logging Device), EOBR's (Electronic On Board Recorders) and AOBRD (Automatic On Board Recording Device) records, wherever stored, together with applicable audit trails.

RESPONSE:

8. All documents showing any communication with, to, or from on March 13, 2019 and during the seven (7) days preceding, including Qualcomm, Telematic systems, dispatch records, and notes, delivery instructions, directions, letters, memos, emails, satellite transmissions, pagers, electronic messages, text messages, telephone records (including the telephone records of ROACH), summaries, etc.

RESPONSE:

9. All Documents of travel by John S. Walls on March 13, 2019, and the six (6) months preceding, including but not limited to the following: bills of lading, receipts, proof of

3

delivery, freight bills, line haul documents, trip reports, dispatch records, fuel receipts, fuel billings, fuel cards, expense reports, reimbursement records, hotel receipts, meal receipts, etc..

RESPONSE:

10. All documents pertaining to maintenance, inspection, driver inspection, repairs, parts invoices, work orders, performance data, breakdowns, and/or out of service records regarding the tractor and trailers involved in the subject accident for the twelve (12) months preceding, and all similar post-incident documents related to the tractor and trailers.

RESPONSE:

11. All driver manuals, driver training materials, driver safety materials, employee handbooks, guidelines, policies, procedures, rules or regulations given or shown to John S. Walls and/or in effect from the time of Davis became a driver for Marvin Keller Trucking until the time of the subject wreck on March 13, 2019. This request includes all materials whether written, electronic or contained on videotapes/CDs/DVDs.

RESPONSE:

12. All documents regarding correspondence, memos, materials, studies or any other communication between any person involved in the management of Marvin Keller Trucking and any person or entity, seeking or providing recommendations, observations, and/or materials regarding or relating in any way to highway safety, driver safety, and/or property transportation safety within the five (5) years before the subject wreck of March 13, 2019.

4


RESPONSE:

13. All onboard and outside video from each and every video system installed on the tractor and trailers being operated by John S. Walls at the time of the subject wreck of March 13, 2019.

RESPONSE:

14. All post-accident video and photographs of the Plaintiff, and/or the tractor and trailers being operated by John S. Walls at the time of the subject wreck of March 13, 2019.

RESPONSE:

15. All documents, alerts, electronic notifications, emails, messages, navigation, GPS, recordable events, reports, warnings, maintenance notifications, delivery monitoring, routing, trip reports, driver productivity, driver behavior monitoring, on-board diagnostics, camera images/recordings, and/or video images/recordings for March 13, 2019, and for the six (6) months preceding the subject wreck. This request is for John S. Walls and the tractor and trailers involved in the subject wreck.

RESPONSE:

16. A copy of Marvin Keller Trucking's accident register and accident reports required to be maintained pursuant to FMCSR 390.15(b)(1-2) for the three (3) years before the subject wreck of March 13, 2019.

RESPONSE:

**PLEASE TAKE NOTICE** that, pursuant to CR 26.02, if you claim that any information, document, or thing sought or requested is privileged, protected by the work product doctrine, or otherwise not discoverable, please describe the nature of the documents, communications, or things

5


not produced or disclosed in a manner that will enable Plaintiff to assess the applicability of the privilege or protection, including the legal and factual basis for withholding the requested discovery.

**PLEASE TAKE NOTICE** that that these discovery requests are deemed continuing. Should you in the future discover any information relating to any of the above matters of inquiry, you are required to notify the Plaintiff's counsel of this new or additional information by way of supplemental discovery responses, pursuant to CR 26.05. Objection will be made at trial to the use of information not properly disclosed in accordance with the Kentucky Rules of Civil Procedure.

Respectfully submitted,

/s/ Jon Heck
Jon Heck
David M. Scott
Isaacs & Isaacs, P.S.C.
1601 Business Center Court
Louisville, KY 40299
Tele:  (502) 458-1000
Fax:   (502) 454-5512
jon.heck@isaacsandisaacs.com
david.scott@isaacsandisaacs.com
*Counsel for Plaintiffs*