**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

| | |
|---|---|
| **JOY SHORT,** *as Administratix of the Estate of Christopher Short, et al.*, )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**MARVIN KELLER TRUCKING, INC, et al.,** )<br>)<br>)<br>)<br>**Defendants.** | NO. 5:19-CV-471-MAS |

**MEMORANDUM OPINION & ORDER**

At the pretrial conference on November 12, 2021, the parties raised the issue of presenting deposition testimony at trial. Specifically, during their case-in-chief, Plaintiffs intend to use the video depositions of Defendant John Walls and Joe Keller, the owner and CEO of Marvin Keller Trucking, Inc. ("Keller Trucking"). Both men will be present in the courtroom. Defense counsel objected and requested, if his objection was not granted, that he be permitted to place Walls and Keller on the stand to conduct cross-examination. Plaintiffs objected.

Court requested the parties to brief the issue. [DE 93]. Having reviewed the briefing of the parties as well as the relevant case law, the Court concludes that to the extent Plaintiffs seek to introduce testimony from Walls and Keller, they must do so using live testimony. Plaintiffs are permitted to use their prior depositions to impeach both as necessary.

**I.   ANALYSIS**

Fed. R. Civ. P. 32(a)(3) explicitly provides that the deposition of a party may be used at trial. By its plain language, the rule would permit Plaintiffs to use Walls' and Keller's depositions

1

even if they were present in the courtroom and will be testifying later, in-person as part of their own case-in-chief.

Nevertheless, "[w]hether to admit deposition testimony in evidence at trial rests within the district court's broad discretion." *Lear v. Equitable Life Assurance Soc'y*, 798 F.2d 1128, 1135 (8th Cir. 1986); *accord Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, 310 F.R.D. 341, 344 (E.D. Mich. 2015). Stated another way, a court has "broad discretion in determining the manner in which it conducts trial[.]" *United States v. Henderson*, No. 94–5645, 1995 WL 122785, at *11 (6th Cir. Mar. 21, 1995).

Of the few courts that have addressed this unique issue (albeit not the Sixth Circuit), most have required live testimony. For example, in *Gonzalez*, the court noted that there is a split in authority as to whether Rule 32(a)(3) gives a party the **right** to read the deposition of an adverse party into the record, or whether it is just an **option** to be used for presenting the testimony. *Gonzalez*, 310 F.R.D. at 343. In conclusion, the court held that to treat it as a right "would undermine the general 'preference for live testimony' and the 'importance of cross-examination[.]' Moreover, to allow this to happen would undermine this Court's ability to efficiently run this trial." *Id*. at 344 (quoting *White v. Illinois*, 502 U.S. 346, 356 (1992)). The court prohibited the use of a deposition when the witness was available live for trial, but permitted the deposition to be used to impeach the witness's live testimony per Rule 32(a)(2).

The logic of *Gonzalez* also won the day in *AWGI, LLC v. Atlas Trucking Co., LLC*, No. 17-12131, 2019 WL 728876 (E.D Mich. Dec. 30, 2019), *Stansbury v. Hopkins Hardwoods, Inc.*, No. 4:15-cv-16, 2018 WL 2977439 (W.D. Ky. March 2, 2018), *In re Air Crash at Lexington Kentucky, August 27, 2006*, No. 5:06-cv-316, 2008 WL 2954973 (E.D. Ky. July 30, 2008), and many others. And it wins the day here as well. Initially, using Walls' and/or Keller's deposition when they are

present in the courtroom may be confusing for the jury. The Court is concerned the jury will speculate as to why witnesses who are sitting in the courtroom are not testifying or wonder if they should give some special emphasis to the recorded testimony as opposed to the later, live testimony. Moreover, the procedural aspects are equally confusing and awkward as these witnesses would be called live for their cross-examination and redirect even though the direct testimony took place months ago. Confusion, prejudice, and inefficiencies would abound. Although Rule 32 would permit Plaintiffs' request, the Court is not required to honor that request. The Court will require that if Plaintiffs seek to seek introduce testimonial evidence from Walls and/or Keller during their case-in-chief, then they must call them live. Of course, as stated in *Gonzalez*, *Stansbury*, and other decisions, Plaintiffs may impeach Walls and Keller with prior deposition testimony.

## II. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Plaintiffs are prohibited from using the video deposition of Walls and Keller in place of live, direct examination. Plaintiffs are free to use the prior depositions, however, to impeach these witnesses to the extent their live testimony is inconsistent with the prior deposition testimony.

Entered this 18th day of November, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge